**Edward M. BONTKOWSKI, Plaintiff,**

**v.**

**O.C. JENKINS, et al., Defendants.**

**No. 86 C 5637.**

United States District Court,
N.D. Illinois, E.D.

June 12, 1987.

Edward M. Bontkowski, pro se.

Anton R. Valukas, U.S. Atty. by Ann L. Wallace, Asst. U.S. Atty., Chicago, Ill., for defendants.

### ORDER

BUA, District Judge.

This court grants defendants' motion to dismiss Counts I and II, but denies defendants' motion to dismiss Count III.

#### A. *Library Access*

Prisoner was brought to Chicago from a federal prison camp in Minnesota for the specific purpose of being afforded the opportunity to consult with the court appointed counsel concerning post-conviction matters pending in the Northern District of Illinois.

In the present action, prisoner's first claim is against the warden of the Metropolitan Correctional Center (MCC). The first cause of action alleges prisoner had been deprived of his First Amendment

right when the warden did not grant prisoner's request for additional time in the prison library to work on legal matters.

The Constitution does not guarantee a prisoner unlimited access to a law library. *Lindquist v. Idaho State*, 776 F.2d 851, 858 (9th Cir.1985). A prison official must be able to regulate the time, manner, and place in which law library materials are used by its inmates. The fact that an inmate must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts. *Id.* at 858.

This court rejects prisoner's claim that the warden's denial of the request for additional library time denied prisoner access to the courts. The prisoner was afforded meaningful access to the courts via the library and counsel. Defendants have revealed the hidden fact that prisoner is not proceeding pro se before the Seventh Circuit; he is receiving the assistance of counsel. Prisoner also transferred to the MCC for the specific purpose of receiving such assistance of counsel. Prisoner received the assistance of counselor Michael B. Cohen. Even if this court did not feel the warden had provided sufficient library time for a pro se plaintiff, this court would still find the allotted library time adequate in light of prisoner's receiving assistance of counsel. In addition, allowing prisoner additional time in the law library might deny other prisoners access to the library. Consequently, this court grants defendants' motion to dismiss Count I of prisoner's complaint.

### B. *Denial of Immediate Parole Hearing*

Prisoner alleges he was deprived of his right to a parole hearing immediately after being transferred from Minnesota to the MCC. Prisoner suggests he was improperly denied a parole hearing in April and June of 1986.

Defendants present compelling explanations why prisoner was deprived of these two hearings. First, the Bureau of Prisons' policy requires all prisoners to appear before the parole board at their designated institutions; prisoner's designated institution was in Minnesota. Second, defendants needed time to secure prisoner's file from the Minnesota prison once defendants determined that prisoner would probably not return to Minnesota. Finally, defendants note that prisoner received a parole hearing in August 1986 and his parole request was denied.

Therefore, this court does not find prisoner's constitutional rights deprived. Since prisoner's parole application was rejected in August 1986, it presumably would have been similarly rejected in April and June of 1986 if hearings had been held. Consequently, this court holds that no injury occurred because of the delay in the parole hearing. This decision would probably differ had the August 1986 parole board granted prisoner's application for parole. Accordingly, this court grants defendants' motion to dismiss Count II of prisoner's complaint.

### C. *Medical Assistance*

Prisoner argues that defendants willfully failed to give prisoner proper medical attention after he received burns on his hands that he characterizes as severe. Defendants allegedly refused to send prisoner to an outside hospital. Defendants dispute these allegations and assert proper medical attention was given.

This court must accept all well pled facts as true. Prisoner alleges he received severe burns on his hands and did not receive proper treatment. This court accepts this allegation as true. Prisoner also alleges that his failure to receive treatment resulted from the defendants' conspiracy to harm and intimidate him. Such allegations show either an intentional denial or deliberate indifference to prisoner's medical needs. These allegations state a § 1983 claim. This court denies defendants' motion to dismiss Count III.

In the event this issue is readdressed in a motion for summary judgment, this court reminds prisoner and defendants of their need to comply with Local General Rule 12(e) and (f) of the United States District Court for the Northern District of Illinois.

The court rejects defendants' invitation to change this motion to dismiss into a summary judgment motion. Even if this court did so, the summary judgment motion would be denied for failure to comply with Local General Rule 12.

### D. *Miscellaneous*

Finally, prisoner requests permission "to enlarge his original complaint." This court denies prisoner's request. Prisoner must seek leave to file an amended complaint that realleges the former claims and incorporates additional claims. This court will not allow piecemeal additions to the original complaint.

IT IS SO ORDERED.